**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4032

WILBERT DECOSTA GREAVES, a/k/a
Tony,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
W. Earl Britt, District Judge.
(CR-95-38-BR)

Submitted: June 30, 1997

Decided: August 15, 1997

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gordon Widenhouse, Assistant Federal Public Defender, Raleigh,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, John S. Bowler, Assistant United States Attorney, Raleigh,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Wilbert DeCosta Greaves appeals his conviction and sentence for possession and distribution of crack cocaine and the related conspiracy charge. 21 U.S.C. § 841(a)(1) (1994) & 21 U.S.C. § 846 (1994). Greaves claims on appeal that the district court erred in rejecting his original plea agreement and ignoring the Government's claim that it was concerned about potential problems of proof regarding the possession and distribution charges. Greaves also suggests that the district court erred in failing to redact references to "prior involvement with police" from the transcript of a recorded conversation between Greaves and his co-conspirator.

In attacking the district court's refusal to accept his guilty plea, Greaves contends that when a prosecutor offers a legitimate, non-manipulative reason for the plea agreement, the district court must accept it so long as it is supported by the evidence. Although an accused has the right to plead guilty to a charged offense, the Constitution does not require that the trial judge accept that plea. See Santobello v. New York, 404 U.S. 257, 262 (1971); see also Godinez v. Moran, 509 U.S. 389, 400-01 (1993). Moreover, the district court was not bound to accept the plea simply because Greaves wanted to plead. North Carolina v. Alford, 400 U.S. 25, 38 n.1 (1975).

Greaves relies extensively on the language of the United States Sentencing Commission, Guidelines Manual, § 6B1.2 (Nov. 1995), to support his contention that the district court has a duty to accept the plea so long as the prosecutor offers a legitimate explanation for the agreement. This argument ignores the permissive nature of the language of the guidelines. The district court "may" but is not required to accept any given plea agreement. USSG § 6B1.2(a). With that backdrop in mind, and the lack of any constitutional underpinning to Greaves's claim, we cannot find that the district court abused its dis-

2

cretion in rejecting the plea agreement.* See United States v. Crowell, 60 F.3d 199, 205 (5th Cir. 1995). Further, there is no merit to Greaves's suggestion that the district court was required to compare his culpability with that of his co-conspirators, or to his contention that the district court should have inquired regarding the legitimacy of the Government's proffered reason for the plea agreement.

Finally, Greaves challenges the district court's failure to redact a recorded conversation that implied that Greaves had prior experience with narcotics. The district court's evidentiary decisions are reviewed for abuse of discretion. See United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993). The portion of the transcript at issue refers to Greaves's explanation of the types of questions unidentified investigators asked him when he "got caught with the money" at some unspecified time in the past. J.A. 153. Greaves contends that the district court erred by not excluding the evidence under Fed. R. Evid. 404(b). Evidence of prior bad acts under Rule 404(b) is not admissible "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b).

In this case, the evidence of Greaves's prior bad act was not admitted for the purpose of proving his character, but rather, was part and parcel of the Government's evidence proving his awareness of the presence of the drugs left at his co-conspirator's residence and his awareness of his own wrongdoing. Id. Greaves has not shown that the Government relied on the passing reference to his previous run-in with the police to prove his character. Because the evidence tended to prove Greaves's knowledge of the presence and source of the drugs, it was relevant and probative to the issues at trial. See Fed. R. Evid. 403. Greaves's suggestion to the contrary is without merit.

_____

*Greaves concedes that a district court may properly reject a plea agreement based on undue leniency. Crowell, 60 F.3d at 205-06. There is certainly evidence of undue leniency in this case, as the Government was willing to allow Greaves to plead to a criminal information that would have limited Greaves's exposure to imprisonment to five years. In fact, the Government could have, and eventually did, charge Greaves with the entire offense conduct in what amounted to a relatively straightforward possession and distribution case. That conduct ultimately subjected him to a guideline range of 360 months to life imprisonment.

3

Finding Greaves's arguments unpersuasive, we affirm the conviction and sentence. We deny the motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4